**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| LUIS ALBERTO TILAGUY-RODRIGUEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, Field Office Director of U.S. Immigration and Customs Enforcement, New Orlean Field Office,<br><br>Respondent. | No. 2:26-cv-03096-SHL-tmp |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On August 24, 2026, pro se Petitioner Luis Alberto Tilaguy-Rodriguez filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 2.) He challenges his continued detention without a bond hearing. (Id. at PageID 1, 6.) Mr. Tilaguy-Rodriguez states that he is a citizen of Colombia who "entered the United States lawfully through Fort Lauderdale International Airport near the end of May 2019," and "has continuously lived in the United States for approximately seven years." (Id. at PageID 2.) He "entered inspection using a B-2 tourist visa." (Id.) Mr. Tilaguy-Rodriguez states that he "has substantial family and community ties in the Memphis area," including his wife, two daughters, one stepson, and three grandsons. (Id. at PageID 3–4.) He contends that he has a stable residence and was employed in Memphis prior to his arrest. (Id. at PageID 4.) He states that he has never missed an immigration hearing and he intends to appear at his scheduled hearing on September 28. (Id.) Mr. Tilaguy-Rodriguez states that he has no criminal record and no criminal charges pending. (Id. at PageID 3, 5.) He was arrested by ICE agents on August 8, 2026 "while he was working outside a residence in The Village of River Oaks, a gated community in Memphis." (Id. at PageID 3.) He seeks, among

other things, an individualized bond hearing and immediate release so that he "may pursue his pending immigration case from outside detention." (Id. at PageID 6.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing. 175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1) The Clerk of Court shall email copies of **the Petition (ECF No. 1) and this Order (ECF No. 5)** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(2) Within **three business days** of the filing of this Order, Respondent shall respond to the Petition in writing. If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), or state why Lopez-Campos otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3) Petitioner may file a reply after Respondent's responsive filing.

(4) Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 31st day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE