**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LUIS ALBERTO TILAGUY-RODRIGUEZ,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | ) | No. 2:26-cv-03096-SHL-tmp |

**ORDER GRANTING PETITION**

On August 24, 2026, pro se Petitioner Luis Alberto Tilaguy-Rodriguez filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 2.) He challenges his continued detention without an individualized bond hearing. (Id. at PageID 4.) He seeks immediate release from Respondent's custody. (Id. at PageID 3.) Respondent responded on September 4. (ECF No. 9.) Petitioner replied on September 28. (ECF No. 10.) Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026). (ECF No. 9 at PageID 123.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

## BACKGROUND

Mr. Tilaguy-Rodriguez, a citizen of Colombia, has resided in the United States continuously since May 2019. (ECF No. 2 at PageID 3.) He states that he "has substantial family and community ties in the Memphis area," including his wife, two daughters, one stepson, and three grandsons.[1] (Id.

[1] On September 2, this Court received a letter from Mr. Alan Becker, a friend of Mr. Tilaguy-Rodriguez. (ECF No. 8.) Mr. Becker states that he considers Mr. Tilaguy-Rodriguez a friend, and

at PageID 4.) He contends that he has a stable residence and was employed in Memphis prior to his arrest. (Id.) He states that he has never missed an immigration hearing prior to his detainment. (Id.) Mr. Tilaguy-Rodriguez states that he has no criminal record and no criminal charges pending. (Id. at PageID 3, 5.) He was arrested by ICE agents on August 8, 2026, "while he was working outside a residence in The Village of River Oaks, a gated community in Memphis." (Id. at PageID 3.) At the time of Petitioner's Reply, he remained detained at the West Tennessee Detention Facility. (ECF No. 11 at PageID 139.) He seeks immediate release from Respondent's custody. (Id.)

## ANALYSIS

Respondent concedes that Lopez-Campos governs this matter. (ECF No. 9 at PageID 123.) Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 9 at PageID 124.) Specifically, according to Respondent, Petitioner should be required to first request a bond hearing in immigration court before seeking habeas relief in federal court. (Id.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

---

describes him as "hardworking and responsible." (Id. at PageID 122.) He further states that Mr. Tilaguy-Rodriguez "fully obeys the laws of our country and deeply desires to stay in the United States." (Id.) While the issue of whether he ultimately remains in the United States is not for this Court to decide, Mr. Becker's letter is noteworthy because it shows that Mr. Tilaguy-Rodriguez has a community that cares about him and grieves his absence, affirming Mr. Tilaguy-Rodriguez's "substantial community ties."

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) (quoting Cardona v. Ladwig, No. 25-cv-01451, 2025 WL 3722009, at *7) (reasoning that "because Petitioner's rights to a bond hearing under §1226(a)" were denied, a bond hearing after the fact "'would not and cannot cure that constitutional violation,'" and while Petitioner's release today cannot cure his prior loss of liberty, "'this remedy, relative to the procedural one of ordering a bond hearing, is the one that comes closest to doing so.'") (quoting Yao v. Almodovar, No. 25 CIV. 9982, 2025 WL 3653433, at *12 (S.D.N.Y. Dec. 17, 2025.)).

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 14th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE